FILED

2016 Jan-13  PM 04:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ELLA WILLIAMS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| **V.** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **CAPITAL ACCOUNTS, LLC,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT

1.  This is an action brought by the Plaintiff, Ella Williams, for actual and statutory damages, attorney's fees, and costs for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").  The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3.  The Plaintiff Ella Williams is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

4.      The Defendant, Capital Accounts, LLC ("Capital Accounts"), is incorporated in Tennessee, and was, in all respects and at all times relevant herein, doing business in Jefferson County, Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## **FACTUAL ALLEGATIONS**

5.      The principal purpose of Capital Accounts' business is the collection of debts.

6.      Capital Accounts regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

7.      Capital Accounts is a debt collector subject to the provisions of the FDCPA.

8.      The alleged debt that Capital Accounts was seeking to collect from Plaintiff was for personal, household, or family uses.

9.      In or around November 2014, Capital Accounts began collection activities on the Plaintiff's account with Gremmels Chiropractic Center ("Gremmels") and continued these collection activities throughout 2015.

10.     The account balance for the services provided by Gremmels was stated as $680.00.

11.     In addition to the balance alleged owned to Gremmels, Capital Accounts added a 40% collection fee to the balance.

12.     This collection charge was illegally added and not part of the agreement between Plaintiff and Gremmels.

13.     In addition, Capital Accounts inaccurately reported the account balance to one or more Credit Reporting Agencies as being $1,185.

14.    The aforementioned actions were done willfully and knowingly in an illegitimate attempt to increase the account balance.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

15.    The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

16.    The Defendant has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*.

17.    As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

18.    The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

19.    The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

20.    The Defendant knew or should have known that said conduct was improper.

21.    The Defendant negligently failed to train and supervise agents and employees in order to prevent said improper conduct.

22.    The Defendant negligently failed to train and supervise agents and employees on the FDCPA.

23.    As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety,

nervousness, and mental anguish.

## COUNT THREE
## RECKLESS/WANTON TRAINING AND SUPERVISION

24.    The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

25.    The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

26.    The Defendant knew or should have known that said conduct was improper.

27.    The Defendant recklessly and wantonly failed to train and supervise agents and employees in order to prevent said improper conduct.

28.    The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA.

29.    As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## NEGLIGENCE

30.    Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

31.    Defendant knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

32.    Defendant knew or should have known that said conduct was improper.

33.    Defendant negligently failed to prevent and/or participated in improper collection activities.

34.    As a result of the Defendant's negligence, the Plaintiff suffered physical damage, worry,

anxiety, nervousness, and mental anguish.

## COUNT FIVE
## RECKLESSNESS AND WANTONNESS

35.    The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

36.    Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

37.    Defendant knew or should have known that said conduct was improper.

38.    Defendant recklessly and wantonly failed to prevent and/or participated in improper collection activities.

39.    As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand a judgment against the defendant as follows:

A.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.    Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§ 1692k);

C.    Actual damages for the Defendant's violations of the FDCPA;

D.    Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§ 1692k;

E.    Compensatory and punitive damages against the Defendant on Plaintiff's state law claims for damages; and,

F.    Such other and further relief that this Court deems necessary, just and proper.

5

## **PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ John C. Hubbard
JOHN C. HUBBARD (ASB-8252-H46H)
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com

6